### CITY OF QUITMAN *v.* JELKS & McLEOD.

Fish, C. J. 1. The charter of the City of Quitman (Acts 1905, p. 1060, sec. 1) authorizes it "to purchase, hold, rent, lease, . . enjoy, possess, and retain in perpetuity, or for any term of years, any estate or estates, real, . . and of whatever kind, and within or without the limits of said city, for corporate purposes."

2. The acquisition of land by a municipality for the establishment and maintenance of a public park is for a corporate purpose. 1 Dillon on Municipal Corporations, § 165, p. 317; 3 Ib. § 980, p. 1567; 3 McQuillin on Municipal Corporations, §§ 1115, 1154; 3 Abbott on Municipal Corporations, § 957.

3. It follows that the City of Quitman has charter power to acquire, by purchase, land beyond its territorial limits, to be used as a public park.

4. The City of Quitman brought an action for the specific performance of a contract against two named defendants. The substance of so much of the petition as is here material was as follows: Defendants owned a tract of land lying partly within and partly beyond the city limits. Desiring to lay off the land in lots for residential purposes and thereby increase their value, defendants offered, at a regular meeting of the city council of Quitman, to convey to the city ten acres of such land situated beyond the limits of the city and particularly described, to be

used as a public park, if the city would have the ten acres cleared up—cutting out the underbrush thereon, and having it properly ditched,—and would extend a named street of the city through the land of the defendants and to the park to be established, and would put such extension of the street in condition for use. The city at such meeting accepted the proposition made by the defendants, and appointed a committee composed of members of the council to locate and establish lines around the ten acres referred to. The committee discharged their duty, and the city was given possession by the defendants of the ten acres so located. The city immediately thereafter commenced work on the tract of ten acres, preparing it for a public park, and began the extension of the street through the lands of the defendants, all in accordance with the agreement between them and the city. The park and the street were completed and established by the city. The defendants divided up their land, through which the city constructed the street, into building lots, some of which they have sold at enhanced prices by reason of the establishment of such street and park, and in the conveyances referred to the public park which the city had so established. After the city had fully complied with all of its obligations under the agreement with the defendants, without authority from the city they took possession of the ten acres of land and have since kept possession of the same and refused to convey it to the city or to again put it in possession thereof. *Held,* that the petition was not subject to general demurrer on the ground that the agreement between the city and the defendants, as set forth in the petition, was without consideration moving to the defendants; nor on the ground that such agreement was ultra vires as to the city; nor on the ground that it did not appear that the agreement was in writing. *Judgment reversed. All the Justices concur.*
JANUARY 16, 1913.

Petition for specific performance. Before Judge Thomas. Brooks superior court. November 11, 1911.

*M. Baum* and *J. G. & J. F. McCall,* for plaintiff.

*Branch & Snow* and *Bennet, Long & Harrell,* for defendants.